UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY DRAKE,

    Plaintiff,

vs.   Case No. 2:10-cv-679-FtM-29SPC

WALMART STORES, East L.P., Inc., an
Arkansas Corporation,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Statement of Undisputed Facts, Dispositive Motion for Summary Judgment, and Incorporated Memorandum of Law (Doc. #29) and Defendant's Motion for Summary Judgment, Including Statement of Undisputed Material Facts, and Memorandum of Law in Support (Doc. #25), which were both filed on April 6, 2012. Both parties filed Responses (Docs. ## 32, 33) on April 20, 2012. For the reasons set forth below, both motions are denied.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys R Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(citation omitted). A fact is

"material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V

Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

Plaintiff Gary Drake filed an Amended Complaint (Doc. #16) against Wal-Mart Stores East L.P. seeking relief under the Family and Medical Leave Act of 1993 (FMLA) for unlawful interference with and retaliation for the exercise of his statutory rights.  The summary judgment facts are as follows.

Plaintiff began his employment with Wal-Mart on September 11, 1991, as a department manager at a Wal-Mart store located in Prescott, Arizona and remained with Wal-Mart until 2010.  (Doc. #18, ¶ 8.)  Plaintiff became employed with Wal-Mart's Clewiston, Florida store as a full time Assistant Manager on April 19, 2010. (Doc. #29-3, p. 35.)  Plaintiff reported to Shift Supervisor Latanya Mitchell and Store Manager Matthew Butts.  (Id., p. 44.) The parties agree that plaintiff was an eligible employee under the FMLA.  (Doc. #18, ¶ 6.)

According to plaintiff, on June 7, 2010, he informed Butts around 9:00 a.m. that he had to leave for the day because his son was suffering from post-traumatic stress disorder, however, Butts told him he had to remain until 2:00 p.m. to assist with store coverage. (Doc. #29-3, pp. 94-95.) When plaintiff tried to leave at 2:00 p.m., Butts told plaintiff that he had to complete his shift. (Id.) Plaintiff returned to work on his next scheduled work day, June 10, 2010, and met with Butts and advised him that he would take vacation time to help his son. (Id., pp. 97, 101.) Butts approved plaintiff's request. (Id., p. 101.) The Joint Pre-Trial Statement (Doc. #34) fails to make any reference to these events, and therefore they have been abandoned as a basis for the FMLA claim.

On plaintiff's first day back after taking the vacation time, June 19, 2010, plaintiff told Mitchell that he was unable to work that day because he was having an anxiety attack. (Id., pp. 92-93.) Mitchell told plaintiff that he needed to take a leave of absence and gave plaintiff Wal-Mart's leave of absence packet. (Id., p. 93.) Mitchell requested that plaintiff remain at work for a couple of hours so that plaintiff could inform the other assistant manager on duty what tasks needed to be completed while he was out on leave. (Id.) June 19 was plaintiff's last day at work.

On June 24, 2010, plaintiff sent a text message to Butts updating him on the status of his medical situation. (Id., p. 110; Doc. #29-4.)  Butts replied that plaintiff needed to "call him by noon tomorrow."  (Doc. #29-4.)  Plaintiff does not remember if he did call back.  (Doc. #29-3, p. 101.)

On June 28, 2010, Dr. Usberghi examined plaintiff for 20 minutes and diagnosed him as suffering from hypertension, high blood pressure, depression and anxiety.  (Doc. #29-5, pp. 12, 15.) Dr. Usberghi developed a treatment plan for plaintiff that included anti-hypertensives and anti-anxiety/depression medication.  (Id., p. 17.)  A follow up appointment was scheduled for July 22, 2010. (Id., p. 22.)

Plaintiff went to the Clewiston Wal-Mart store the next day and discussed his ongoing medical issues with Butts.  (Doc. #29-3, pp. 111-113.)  Plaintiff explained that he would be off work at least another month.  (Id.)

It is not clear exactly when, but after plaintiff's June 28 examination with Dr. Usberghi, plaintiff gave the Wal-Mart FMLA packet to a member of Dr. Usberghi's staff. Dr. Usberghi completed the FMLA Medical Certification on July 7, 2010.  (Doc. #29-4, p. 7.)  The parties dispute if and when Dr. Usberghi sent the FMLA packet back to Wal-Mart.  Plaintiff asserts that it was sent on July 19, 2010 and attaches a fax confirmation in support (Doc. #29-7), but Wal-Mart denies receiving a copy.

As previously scheduled, on July 22, 2010, plaintiff returned to Dr. Usberghi for a follow up examination and told him that he was feeling better and would like to return to work. (Doc. #29-5, pp. 26-27.) Dr. Usberghi issued a back to work release to be effective for August 5. (Id.) Dr. Usberghi faxed the release to Wal-Mart the day of the examination. (Doc. #29-10.) Wal-Mart admits that they received the July 22 fax. (Doc. #25, p. 7.)

Wal-Mart terminated plaintiff's employment on July 20, 2012 for "job abandonment/three unreported absences." (Id., pp. 6-7.) Plaintiff first learned of his termination on August 3, 2010. (Doc. #29-3, p. 44.)

**III.**

Plaintiff now brings a single count claim asserting that Wal-Mart violated his rights under the FMLA by terminating his employment. The Family and Medical Leave Act of 1993 (FMLA) provides eligible employees with up to twelve weeks of unpaid leave annually if a serious health condition makes the employee unable to perform the functions of his or her position as an employee. 29 U.S.C. § 2612(a)(1)(D). The FMLA also creates a private right of action for equitable relief and money damages for employer violations. 29 U.S.C. § 2615(a)(1), 2617(a).

Wal-Mart argues that it had a right to terminate plaintiff's employment because he failed to provide a timely medical

-6-

certification to justify his leave.  Wal-Mart's FMLA Leave of Absence Packet states in relevant part:

> In addition to the Request for Leave Form, **you must submit a completed copy of the appropriate Certification Form, as indicated below, within 15 calendar days of the first workday missed.** . . .
>
> It is your responsibility to provide the Certification Form to the appropriate health care provider and ensure that he or she completes the form and signs it.  You are required to return the completed form to your Human Resources representative promptly, **generally within 15 calendar days from the first day of your requested leave of absence.  If circumstances outside your control prevent you from doing so, you are required to submit the form as soon as possible thereafter.**  If you do not provide reasonable notice and/or a timely certification, as described above, you may have your leave of absence delayed and/or your absences may not be protected.

(Doc. #16-1)(emphasis added).  At the very least, there are material issues of disputed fact in this case as to the timeliness of the requested certification in this case.

The relevant regulation provides that: "The employee must provide the requested certification to the employer within 15 calendar days after the employer's request, unless it not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts. . . ."  29 C.F.R. § 825.305(b).  As noted, Wal-Mart's Leave of Absence Packet provided for a similar, non-mandatory time period.  There is at least a factual dispute as to whether the untimeliness of plaintiff's medical certification was excused, i.e., submitting the medical certification within 15 days was "not practicable under the

particular circumstances to do so despite the employee's diligent, good faith efforts" or "[i]f circumstances outside [plaintiff's] control prevent[ed] [him] from doing so."  Since there are genuine issues of material fact as to whether plaintiff was entitled to FMLA leave, there are also issues of material fact as to whether he engaged in statutorily protected leave.  Therefore, the Court must deny both plaintiff's and defendant's summary judgment motions.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Statement of Undisputed Facts, Dispositive Motion for Summary Judgment, and Incorporated Memorandum of Law (Doc. #29) is **DENIED**.

2.  Defendant's Motion for Summary Judgment, Including Statement of Undisputed Material Facts, and Memorandum of Law in Support (Doc. #25) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2012.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies: Counsel of record